DE MARCO v. SCHUBERT PIANO CO.

(Supreme Court, Appellate Term.   July 1, 1910.)

APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict which is inexplicable on any possible hypothesis, on the conflicting evidence as to the amount due for breach of contract, must be set aside, on the ground that it must have been reached by an arbitrary computation, though a verdict on disputed issues will not be disturbed, when intelligently rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937;  Dec. Dig. § 1002.*]

Appeal from City Court of New York, Trial Term.

Action by John De Marco against the Schubert Piano Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Wesselman & Kraus, for appellant.
Charles S. Rosenthal, for respondent.

BIJUR, J.   Plaintiff sued for damages for breach of an oral agreement whereunder he was to be furnished with work, namely, the manufacturing of piano cases, for which he was paid at the rate of $3.25 per case, which contract he claims was for a definite term, and he proved that he earned about $36 per week from the carrying out of this contract on his part.

The chief dispute seems to have been concerning the efforts of plaintiff to reduce the damages by obtaining other similar work or contract.   The verdict of a jury in determining disputed issues of fact intelligently should not be disturbed.   The verdict of $183.07 in this case, however, is inexplicable on any possible hypothesis in regard to the evidence, or on any valid mathematical ground.   Under these circumstances, the conclusion is inevitable that it must have been reached by some arbitrary computation, rather than by intelligence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.